ALD-130                                                         NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3273
_____

UNITED STATES OF AMERICA

v.

ARNALDO ECHEVARRIA,
                              Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 2:16-cr-00073-001)
District Judge:  Honorable Esther Salas
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 21, 2022
Before:  JORDAN, RESTREPO, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 5, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Arnaldo Echevarria, proceeding pro se, appeals the denial of his motion for compassionate release filed pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government has filed a motion for summary affirmance. For the reasons discussed below, we grant the Government's motion and will summarily affirm the District Court's judgment.

## I.

In 2017, a jury sitting in the District of New Jersey convicted Echevarria of bribery, harboring an illegal alien, and making false statements. He was sentenced to 84 months' incarceration. Echevarria challenged his sentence on appeal, and we affirmed. See United States v. Echevarria, 732 F. App'x 101, 103-04 (3d Cir. 2018). In 2021, Echevarria filed a motion for compassionate release, arguing that his "long-established history of obesity" and the conditions within FCI Danbury placed him at a higher risk of serious illness or death from COVID-19. See Dkt. #72 at 12-13. The District Court denied Echevarria's motion, reasoning that he failed to demonstrate extraordinary and compelling reasons justifying release. Echevarria timely appealed, and the Government has moved for summary affirmance.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review a district court's decision to deny a motion for compassionate release for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). Thus, "we will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached." Id. (quotation marks, alteration,

2

and citation omitted).  We may take summary action if the appeal presents no substantial question.  3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

### III.

A district court "may reduce [a federal inmate's] term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).[1]  Although Echevarria's weight does place him at a higher risk of serious illness from COVID-19, the District Court did not commit a clear error of judgment in concluding that his being overweight,[2] standing alone, was insufficient to constitute an extraordinary and compelling circumstance justifying release in this case.  As the District Court noted, Echevarria had received his first dose of the Moderna vaccine in May 2021, thus reducing his risk of serious illness.[3]  Cf. United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it

---

[1] Before granting compassionate release, a district court must also consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable."  See 18 U.S.C. § 3582(c)(1)(A).  Here, having concluded that Echevarria did not demonstrate extraordinary and compelling reasons justifying release, the District Court did not reach the § 3553 factors.

[2] Although Echevarria alleged that he struggled with obesity, the evidence he provided demonstrated that he possessed a body mass index of 28.3, which—as the District Court noted—qualified him as overweight, not obese.

[3] The Government noted in its opposition to Echevarria's motion for compassionate release that Echevarria was scheduled to receive his second dose of the vaccine in June 2021, though at the time of the District Court's opinion, it was not yet clear whether he had in fact received it.

impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."). Moreover, the District Court observed that because a high proportion of inmates within FCI Danbury were fully vaccinated and there were, at the time, no reported cases of COVID-19 in the prison, conditions within the facility also counseled against granting relief. We discern no abuse of discretion in this decision.

Accordingly, we will affirm the District Court's judgment.[4]

---

[4] The Government has also filed a motion to seal the District Court's opinion (attached as Exhibit A to its motion for summary affirmance), because the opinion was also previously sealed in the District Court. However, the District Court has since unsealed its opinion, so we deny the Government's motion.